1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

HASEKO HOMES, INC. *et al.*,

12

Plaintiffs,

13

v.

14

UNDERWRITERS INSURANCE
COMPANY, *et al.*,

15
16

Defendants.

Civil No. 09cv1613-L(AJB)

**ORDER DENYING PLAINTIFFS'
MOTION TO REMAND;
DISMISSING ACTION WITHOUT
PREJUDICE; AND DENYING
DEFENDANT'S MOTION FOR
CHANGE OF VENUE AS MOOT**

17    In this insurance coverage declaratory relief action Plaintiffs filed a motion to remand and

18  a motion for voluntary dismissal. For the reasons which follow, Plaintiffs' motion to remand is

19  **DENIED** and their motion for voluntary dismissal is **GRANTED**. The court declines to

20  exercise jurisdiction over the declaratory relief counterclaim, the only proceeding remaining in

21  this case after the complaint is dismissed. Accordingly, this action is **DISMISSED WITHOUT**

22  **PREJUDICE**. The pending motion for change of venue is **DENIED** as moot.

23    On June 26, 2009 a construction defect class action was filed in the Hawaii state court

24  (the "Kai Action") against Haseko Homes, Inc. and Haseko Construction, Plaintiffs in this case.

25  On July 1, 2009 Plaintiffs filed the instant action in California state court against their insurers,

26  seeking a declaration of the insurers' duty to defend and indemnify. On July 24, 2009 North

27  American Specialty Company ("NAS"), as successor in interest for Defendant Underwriters

28  Insurance Company, removed the action to this court. On August 21, 2009 Plaintiffs filed a

motion to remand.

On August 26, 2009 Plaintiffs filed another insurance declaratory relief action in California state court. (*See Haseko Homes, Inc. et al. v. N. Am. Specialty Ins. Co. et al.*, 09cv1924-L (AJB) ("Haseko II").) Plaintiffs named essentially the same Defendants,[1] but based the action on additional construction defect claims and class actions filed in Hawaii state court. Again, NAS removed the action to this court. Because this removal was improper, Haseko II was remanded to State court.

On September 23, 2009 the Kai Action in Hawaii was dismissed. On September 25, 2009 Plaintiffs' counsel contacted counsel for NAS to stipulate to the dismissal of the instant action. (Decl. of Celia Jackson, dated Oct. 22, 2009, Ex. C.)[2] NAS declined to stipulate to the dismissal (*id*. Ex. D) and subsequently filed a motion for change of venue, requesting to transfer this action to the District of Hawaii.

Although a number of motions are pending in this case, the court addresses the issue of subject matter jurisdiction first. "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998) quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884).

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

---

[1]	Instead of naming Underwriters Insurance Company, a Defendant in this action, they named NAS, its successor in interest. Because the NAS is defending the instant action as successor in interest for Underwriters Insurance Company, the parties in both actions are essentially the same.

[2]	As of that time, no other Defendant had made an appearance or been served. (*Id*. ¶ 7.)

original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. §1441(a).  Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988).  Original jurisdiction exists in cases of diversity of citizenship.  28 U.S.C. §1332.

NAS removed this action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  Plaintiffs argue that the removal was improper under the forum defendant rule, set forth in 28 U.S.C. § 1441(b).  Section 1441(b)

imposes a limitation on actions removed pursuant to diversity jurisdiction:  "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

*Spencer v. U.S. Dist. Ct. N.D. Cal. (Altec Indus., Inc.)*, 393 F.3d 867, 870 (9th Cir. 2004) quoting 28 U.S.C. § 1441(b).  "[T]he presence of a local defendant at the time removal is sought bars removal."  *Id*.  This "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."  *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

Plaintiffs maintain that Defendant TIG Insurance Company ("TIG") is a California citizen, and therefore a forum defendant.  (Mot. to Remand at 1; *see also* Notice of Removal at 3 (TIG "is a corporation incorporated under the laws of the State of California").)  However, because TIG was not served at the time of removal, the removal was proper.  28 U.S.C § 1441(b) (referring to "properly joined and served" defendants); *see also Spencer*, 393 F.3d at 867 (post-removal joinder of a forum defendant does not necessitate remand); William W. Schwarzer *et al.*, *Federal Civil Procedure Before Trial* ¶¶ 2:626, 2:627 (2009).

In the alternative, Plaintiffs seize on the "properly joined and served" language of the forum defendant rule to argue that removal was improper because NAS, which is not a California citizen, removed the action before it was served with process.  Plaintiffs cite no binding authority in support of the argument that actions cannot be properly removed before

09cv1613

1  service of process, and the court is aware of none.  Accordingly, Plaintiffs' motion to remand is

2  **DENIED**.

3       Plaintiffs also filed a motion to voluntarily dismiss this action pursuant to Federal Rule of

4  Civil Procedure 41(a)(2), which TIG and NAS oppose.  Rule 41(a)(2) provides in pertinent part

5  that

> an action may be dismissed at the plaintiff's request only by court order, on terms
> that the court considers proper.  If a defendant has pleaded a counterclaim before
> being served with the plaintiff's motion to dismiss, the action may be dismissed
> over the defendant's objection only if the counterclaim can remain pending for
> independent adjudication.  Unless the order states otherwise, a dismissal under this
> paragraph (2) is without prejudice.

10 Rule 41(a)(2) allows a plaintiff, "pursuant to an order of the court, and subject to any terms and

11 conditions the court deems proper, to dismiss an action without prejudice at any time."

12 *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).  "A district court should

13 grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it

14 will suffer some plain legal prejudice."  *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

15      NAS argues that Plaintiffs are forum shopping with a view toward steering the insurance

16 coverage litigation to California state court.[3]  Relying solely on *Westlands Water District v.*

17 *United States*, NAS asserts without elaboration or explanation that it will be prejudiced by the

18 loss of the federal forum.  In *Westlands*, Defendants did not argue prejudice based on the loss of

---

20      [3]    NAS and TIG vehemently and repeatedly argue that Haseko II is identical to and
21 duplicative of this action.  They suggest Plaintiffs' filing of Haseko II in State court constitutes
   improper litigation conduct.  This argument is rejected.

22      Although the two actions are very similar, Defendants' protestations that they are
23 duplicative or identical is an overstatement.  Most obviously, Haseko II is based on additional
   claims and class actions filed against Plaintiffs.  While Plaintiffs could have amended the
24 complaint in the instant action, they were not required to do so.  *See* Fed. R. Civ. P. 18 (joinder
   of claims is permissive).

      Furthermore, when the court contacted counsel to inquire whether the motions
26 filed in this action and in Haseko II could be coordinated for briefing and hearing, Defendants'
   counsel asserted that the parties in the two cases are not the same and that matters were not
27 sufficiently similar.  Consistently, no Defendant has moved to consolidate the actions pursuant
   to Federal Rule of Civil  Procedure 42(a).  Accordingly, it is disingenuous for Defendants now to
28 argue that the cases are identical or duplicative.

09cv1613

the federal forum, and the court did not hold that the loss of the federal forum constituted plain legal prejudice.  100 F.3d at 96 & *passim*.  "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal."  *Smith*, 263 F.3d at 976 (voluntary dismissal of federal action in favor of a pending action in state court).  Accordingly, NAS's argument that it will be prejudiced by the loss of the federal forum is rejected.

TIG does not argue that it will suffer any legal prejudice as a result of the dismissal.  Instead, without citing to any legal authority, it argues that the motion should be denied because the dismissal of the Kai Action does not render this action moot and because Haseko II is duplicative of the instant action.  Because neither amounts to plain legal prejudice, TIG's arguments are rejected as irrelevant.  *See, e.g., Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982) (discussing prejudice); *Westlands Water Dist.*, 100 F.3d at 97-98 (same); *Smith*, 263 F.3d at 976 (same).

TIG's counterclaim, filed on December 24, 2009, more than two months after Plaintiffs filed the instant motion, does not preclude a dismissal.  The timing of the counterclaim together with TIG's argument that the counterclaim demonstrates that this action is not moot (Opp'n at 8) show that TIG filed the counterclaim after it had notice of Plaintiffs' motion for voluntary dismissal.  Accordingly, Rule 41(a)(2) does not preclude dismissal over TIG's objection.

Because no defendant has shown it will suffer plain legal prejudice and because none has requested any conditions for the dismissal without prejudice, Plaintiffs' motion for voluntary dismissal is **GRANTED**.  The complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

After the dismissal of the complaint, the only proceeding remaining in this case is TIG's counterclaim.  It requests declaratory relief finding that TIG does not have a duty to defend or indemnify Plaintiffs.  The court declines to exercise jurisdiction over the counterclaim.

> The exercise of jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), is committed to the sound discretion of the federal district courts.  Even if the district court has subject matter jurisdiction, it is not required to exercise its authority to hear the case.

*Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002).  The Declaratory

1  Judgment Act "confers a discretion on the courts rather than an absolute right upon the litigant."

2  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (internal quotation marks and citations

3  omitted).

> [T]here is nothing automatic or obligatory about the assumption of jurisdiction by
> a federal court to hear a declaratory judgment action. . . . Consistent with the
> nonobligatory nature of the remedy, a district court is authorized, in the sound
> exercise of its discretion, to stay or to dismiss an action seeking a declaratory
> judgment before trial or after all arguments have drawn to a close.  In the
> declaratory judgment context, the normal principle that federal courts should
> adjudicate claims within their jurisdiction yields to considerations of practicality
> and wise judicial administration.

9  *Id*. at 288 (internal quotation marks, citations, ellipsis and footnote omitted.)

10        The determination whether to exercise jurisdiction is based primarily on the non-

11  exhaustive list of factors set forth in *Brillhart v. Excess Insurance Company of America*, 316

12  U.S. 491 (1942).  *Wilton*, 515 U.S. at 289-90; *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220,

13  1225 (9th Cir. 1998) (*en banc*); *Huth*, 298 F.3d at 803 ("*Brillhart* sets forth the primary factors

14  for consideration.").  Under *Brillhart*, "the district court should avoid needless determination of

15  state law issues; it should discourage litigants from filing declaratory actions as a means of

16  forum shopping; and it should avoid duplicative litigation."  *Dizol*, 133 F.3d at 1225 (internal

17  footnote and citation omitted).

18        Haseko II, remanded to State court, encompasses all the claims raised in TIG's

19  counterclaim.  In Haseko II, Plaintiffs request a declaration of their rights under several

20  insurance contracts, including a contract with TIG, to defense and indemnity against the

21  construction defect claims and lawsuits asserted against Plaintiffs.  With its counterclaim, TIG

22  seeks a declaration of no duty to defend or indemnify under its insurance contract with Plaintiffs

23  relative to the same claims and lawsuits.  The two pleadings present the same state law issues.

24  "For the federal court to retain jurisdiction to give declaratory judgment on the same claims

25  would result in a needless determination of state law."  *Smith*, 263 F.3d at 978.  The first

26  *Brillhart* factor therefore weighs in favor of abstention.  *See id*.

27        As to the second factor, TIG filed its counterclaim after Plaintiffs had filed Haseko II in

28  State court.  TIG's counterclaim was not only reactive to Haseko II but also to Plaintiffs' motion

for voluntary dismissal in the instant action.  However, to the extent TIG engaged in forum shopping, the court cannot conclude its conduct was any worse than Plaintiffs'.  Plaintiffs could have amended the complaint in the instant action to allege the additional construction defect claims and lawsuits, but chose not to apparently because they wanted to assure they could proceed in State court.  On similar facts, the court in *Smith v. Lenches* found that "[i]f there is any forum shopping to be considered here, it cannot be said that one side is at fault more than the other, for neither can be faulted for seeking to litigate issues in the forum of its choice."  263 F.3d at 978.  Accordingly, the second *Brillhart* factor appears neutral."  *See id.*

Regarding the third factor, the issues presented in the counterclaim are at issue in Haseko II.  If this court retains jurisdiction over the counterclaim, "the continuation of the federal case would result in duplicative litigation and a waste of judicial resources."  *Smith*, 263 F.3d at 978.  This factor therefore weighs in favor of abstention.  *See id.*

When, as here, there is a parallel action pending in State court, there is an additional consideration weighing in favor or abstention:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Smith*, 263 F.3d at 978, quoting *Brillhart*, 316 U.S. at 495.  This means that

> If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court.  The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief. Nonetheless, federal courts should generally decline to entertain reactive declaratory actions.

*Dizol*, 133 F.3d at 1225 (internal citations omitted); *Smith*, 263 F.3d at 978.

Based on the foregoing, the court declines to exercise jurisdiction over TIG's counterclaim.  *See Smith*, 263 F.3d at 978.  It is therefore **DISMISSED WITHOUT PREJUDICE**.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiffs' motion to remand is **DENIED**;

09cv1613

1

2.  This action is **DISMISSED WITHOUT PREJUDICE** in its entirety; and

2

3.  NAS's motion for change of venue is **DENIED** as moot.

3

**IT IS SO ORDERED**.

4

5

DATED:  January 22, 2010

6

7

M. James Lorenz
United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09cv1613